**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**MICHAEL JAY BRACKETT,**

      **Petitioner-Defendant,**

                                    **Civil Action No. 3:11-cv-30**

**v.**                                   **Criminal Action No. 3:08-cr-56-2**
                                        **(JUDGE BAILEY)**

**UNITED STATES OF AMERICA,**

      **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY IN
PART AND SEVER IN PART PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.    INTRODUCTION

On April 11, 2011, Petitioner-Defendant Michael Jay Brackett ("Petitioner"), by counsel B. Craig Manford, Esq., filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition" or "Motion"). (Civil Action No. 3:11-cv-30, ECF No. 1; Criminal Action No. 3:08-cr-56-2, ECF No. 139 ("Mot.").) That same day, Petitioner's counsel also filed a Memorandum in Support of Petitioner's motion. (Civil Action No. 3:11-cv-30, ECF No. 2; Criminal Action No. 3:08-cr-56-2, ECF No. 140 ("Mem. in Supp.").) On April 13, 2011, the undersigned Magistrate Judge entered an Order directing the Respondent, the United States of America, ("Respondent" or "Government") to answer Petitioner's motion. (Criminal Action No. 3:08-cr-56-2, ECF No. 142.) On May 2, 2011, Petitioner, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("*Pro Se* Petition" or "*Pro Se* Motion"). (Civil Action No. 3:11-cv-30, ECF No. 5; Criminal Action No. 3:08-cr-56-2, ECF No. 143 ("*Pro Se* Mot.").) The next day, the undersigned entered an Order

striking Petitioner's *pro se* motion from the docket. (Civil Action No. 3:11-cv-30, ECF No. 4; Criminal Action No. 3:08-cr-56-2, ECF No. 144.) The Government responded to Petitioner's motion on June 13, 2011, and Petitioner, by counsel, replied on June 20, 2011. (Civil Action No. 3:11-cv-30, ECF Nos. 7 & 8; Criminal Action No. 3:08-cr-56-2, ECF Nos. 148 & 149 ("Resp." and "Reply").) On July 6, 2011, Petitioner's counsel filed a First Motion to Amend/Correct his Memorandum in Support of Motion. (Civil Action No. 3:11-cv-30, ECF No. 9; Criminal Action No. 3:08-cr-56-2, ECF No. 150.) By Order dated July 8, 2011, the undersigned granted Petitioner's motion and ordered that Petitioner's *pro se* motion be substituted in place of the Memorandum in Support filed by Petitioner's counsel and that the parties treat the Memorandum in Support as an exhibit supplementing Petitioner's *pro se* motion. (Criminal Action No. 3:08-cr-56-2, ECF No. 151.) The undersigned's Order also provided the Government with an additional twenty-one days to file a response to Petitioner's *pro se* motion and provided Petitioner with an additional fourteen days to file a reply. (*Id.*) The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny in part and sever in part Petitioner's motion to vacate.

## II. FACTS

### A. *Conviction and Sentence*

On July 9, 2008, the Grand Jury indicted Petitioner in two counts of a six-count Indictment. (Indictment, Criminal Action No. 3:08-cr-56-2, ECF No. 1.) Count One charged Petitioner and co-defendant Michael Crum with conspiracy to possess and sell stolen firearms, in violation of Title 18, United States Code, Sections 922(j) and 371. (*Id.* at 1-2.) Count Six charged Petitioner with

being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2)., and 924(e)(1). (*Id.* at 7.) On October 7, 2008, after a one-day jury trial, Petitioner was convicted of Counts One and Six. (Resp., Ex. 2 ("Trial Tr.") at 245:8-17.)

On February 24, 2009, Petitioner, represented by counsel B. Craig Manford, Esq., appeared before the Honorable John Preston Bailey, Chief United States District Judge, for sentencing. Chief Judge Bailey sentenced Petitioner to 60 months incarceration for Count One and 210 months incarceration for Count Six, to run concurrently, and a three-year term of supervised release on Count One and a five-year term of supervised release on Count Six, to run concurrently. (Judgment in a Criminal Case, Criminal Action No. 3:08-cr-56-2, ECF No. 117.)

## B.  *Direct Appeal*

Petitioner, by counsel B. Craig Manford, Esq., pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Petitioner raised the following assignments of error: (1) the district court erroneously failed to direct a verdict in favor of Petitioner at the close of all evidence or, in the alternative, the jury's verdict was contrary to the evidence presented; (2) it was error for the district court not to *sua sponte* provide the jury with a limiting instruction regarding Petitioner's prior felony conviction; (3) the sentencing court erroneously determined that Petitioner obstructed justice and erroneously assessed a two-level increase; (4) Petitioner's Sixth Amendment right to confrontation was violated when the district judge enhanced his sentence based on facts not found by the jury or admitted by Petitioner; (5) trial counsel was ineffective by failing to use a prior inconsistent statement of Petitioner's co-defendant, by failing to object or move to strike Rule 404(b) evidence, and by failing to seek appropriate cautionary instructions; (6) portions of the district court's charge to the jury were prejudicial; and (7) the

cumulative weight of all the above errors was sufficient to grant a new trial. (Motion , Ex. 1.)

By an unpublished opinion issued April 12, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence. *United States v. Brackett*, 373 F. App'x 427, 428, 430, 2010 WL 1434994, at *1, 3 (4th Cir. Apr. 10, 2010) (per curiam). The Fourth Circuit declined to address Petitioner's claims of ineffective assistance of counsel on direct appeal. *Brackett*, 373 F. App'x at 420, 2010 WL 1434994, at *2.

## C.    *Federal Habeas Corpus*

### 1.    **Petitioner's Motion**

In his motion filed by counsel, Petitioner alleges nine claims of ineffective assistance of counsel. (Mot. at 5; *see also* Mem. in Supp. at 18-20.) Specifically, Petitioner claims the following:

1.    Trial counsel made no hearsay objection to Agent Dean's testimony regarding where the shotgun was found even though it was determined that Agent Dean was not the officer who first found the shotgun;

2.    Trial counsel failed to mention during cross-examination and closing argument that other ammunition found in Petitioner's residence was located in Crum's room;

3.    Trial counsel made no hearsay objection to Agent Dean's testimony that Petitioner's girlfriend, Kimberly Sullivan, told him she did not know anything about the shotgun found between the mattress and box spring of Petitioner's bed;

4.    Trial counsel made no motion to strike Agent Dean's testimony regarding Petitioner's statement that he possessed a 9 millimeter Ruger pistol;

5.    Trial counsel failed to object to Crum's testimony regarding a trip to Frederick, Maryland to trade firearms for crack cocaine;

6.      Trial counsel failed to object to Crum's testimony that he was aware that Petitioner possessed a .38 caliber special pistol when he moved in with Petitioner;

7.      Trial counsel failed to ask the court for a cautionary instruction when the parties' stipulation regarding Petitioner's status as a felon was read to the jury;

8.      Trial counsel failed to object when the trial court omitted cautionary instruction Number Seven entitled "Consider Only Offense Charged;" and

9.      Trial counsel failed to use Crum's recanting statement against him during cross-examination of Crum.

(Mem. in Supp. at 18-20.)

In his *pro se* motion, Petitioner alleges an additional five claims of ineffective assistance of counsel. (*Pro Se* Mot. at 4-6; *id.*, Ex. 8 ("Mem.") at 6-40.) Specifically, Petitioner claims the following:

1.      Trial counsel failed to file a motion to dismiss the indictment or, in the alterative, failed to file a motion to inspect the list of names of qualified grand jurors who voted for the indictment;

2.      Trial counsel failed to withdraw as defense counsel despite irreconcilable conflicts;

3.      Trial counsel failed to file a motion to suppress evidence and failed to impeach government witnesses;

4.      Trial counsel failed to investigate or call Mrs. Crum and other witnesses to testify on behalf of Petitioner; and

5.      Counsel failed to investigate or present evidence material to Petitioner's sentencing and failed to object to evidence used to determine Petitioner's sentencing guidelines

and ultimate sentence.

(*Pro Se* Mot. at 4-6; Mem. at 6-40.)

### 2.      Government's Response

In its response to the motion filed by Petitioner's counsel, the Government asserts that Petitioner "simply fails to demonstrate any error at all on the part of his counsel, let alone demonstrate any showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Resp. at 11.)  Specifically, the Government alleges that Petitioner did not suffer prejudice from trial counsel's failure to object to hearsay because the jury was able to observe the witnesses and evaluate their credibility. (*Id.* at 12.) Furthermore, the Government states that it is unclear what the effect on the jury would have been if trial counsel mentioned that other rounds of ammunition were found in Crum's bedroom.  (*Id.* at 13.)  The Government also notes that failure to object or motion to strike any Rule 404(b) evidence was harmless because, absent this evidence, there was sufficient evidence to convict Petitioner.  (*Id.* at 13-14.)

Additionally, the Government asserts that a cautionary instruction was not necessary because the jury did not hear any underlying facts from Petitioner's prior felony convictions, and that the district court did include Petitioner's Instruction Seven in the charge to the jury.  (*Id.* at 14-15.) Finally, the Government alleges that trial counsel's decision not to use Crum's prior inconsistent statement was in Petitioner's best interest and that even if Crum's testimony had been discounted, there would have been sufficient evidence to convict Petitioner.  (*Id*. at 15.)  The Government did not respond to Petitioner's *pro se* motion.

### 3. Petitioner's Reply

In his reply, Petitioner, by counsel, alleges that if trial counsel had objected to the testimony of Agent Dean regarding the location of the shotgun, "the Government may not have been able to defend against a Rule 29 Motion for Judgment of Acquittal at the close of its case." (Reply at 3.) He also argues that if trial counsel had made an objection to Agent Dean's testimony regarding the statements made to him by Kimberly Sullivan, the Government would not have risked calling her as a witness. (*Id.* at 4-5.) Furthermore, Petitioner asserts that trial counsel was ineffective by not attempting to place blame on Petitioner's co-defendant for possession of the ammunition because the majority of the ammunition was found in Crum's room. (*Id.* at 5.)

Regarding the Rule 404(b) evidence, Petitioner argues that trial counsel's performance was ineffective and was not harmless error because the trial outcome would probably have been different. (*Id.* at 6.) Additionally, Petitioner alleges that effective trial counsel would have requested a cautionary instruction when the stipulation regarding Petitioner's status as a felon was read to the jury, and that trial counsel erred by not objecting to the omission of the defense's cautionary instruction regarding Petitioner's status. (*Id.* at 6-8.) Finally, Petitioner asserts that he was entitled to have trial counsel use Crum's prior inconsistent statement for impeachment purposes and that this decision should be been his, not counsel's, to make. (*Id.* at 8.)

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:11-cv-30, ECF No. 1; Criminal Action No. 3:08-cr-56-2, ECF No. 139) be denied and dismissed because Petitioner has failed to meet the two prongs of *Strickland* to

demonstrate any claims of ineffective assistance of counsel. The undersigned also recommends that Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:11-cv-30, ECF No. 5; Criminal Action No. 3:08-cr-56-2, ECF No. 143) be denied in part and severed in part**.** For the reasons stated herein, the undersigned recommends that Petitioner's first four *pro se* claims be denied because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel. Furthermore, the undersigned recommends that Claim Five, regarding ineffective assistance of counsel at sentencing, be severed due to an apparent conflict of interest because of the fact that Petitioner's current retained counsel also represented Petitioner at sentencing.

## III.   ANALYSIS

### A.   *Standard Governing Claims of Ineffective Assistance of Counsel*

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002).

Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Id.* (quoting *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

***B.***    ***Analysis of Petitioner's Claims of Ineffective Assistance of Counsel***

   **1.**     **Grounds 1 and 3: Ineffective Assistance By Not Objecting to Hearsay**

As his first ground for relief, Petitioner claims that trial counsel failed to make a hearsay objection to Agent Dean's testimony regarding the shotgun found between the mattress and box spring of Petitioner's bed because Agent Dean was not the officer who found the shotgun. (Mem. in Supp. at 18.) Specifically, Petitioner asserts that if trial counsel had objected to this testimony and made a motion to strike such testimony, the Government may not have been able to defend against the Rule 29 motion for judgment of acquittal at the close of its case because the officer who actually found the shotgun did not testify at trial. (Reply at 3-4.) As his third ground, Petitioner argues that trial counsel failed to make a hearsay objection to Agent Dean's testimony that Petitioner's girlfriend, Kimberly Sullivan, told him that she did not know anything about the shotgun found in between the mattress and the box spring. (Mem. in Supp. at 18-19.) Specifically, Petitioner asserts that if such an objection had been made, the Government would not have risked calling Sullivan during its case-in-chief. (Reply at 4-5.) The Court will consider these two claims together because they both address the failure to make hearsay objections.

"There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington*, 131 S. Ct. at 790 (citations omitted) (internal quotation marks omitted). "An attorney's decision to object or not to object to certain items in the course of a jury trial is a classic example of a strategic trial judgment, 'the type of act for which *Strickland* requires that judicial scrutiny be highly deferential.'" *Benkahla v. United States*, Nos. 1:10-cv-30, 1:06-cr-9 (JCC), 2010 WL 2721384, at *5 (E.D. Va. July 8, 2010) (quoting *Green v. Lynaugh*, 868 F.2d 176, 178 (5th Cir. 1989)); *see also Humphries v. Ozmint*, 397 F.3d 206,

234 (4th Cir. 2005) (noting that counsel's "failure to object to inadmissible or objectionable material for tactical reasons can constitute objectively reasonable trial strategy under *Strickland*").

Here, Petitioner has not demonstrated to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As an initial matter, Petitioner's statement about the Government calling Kimberly Sullivan during its case-in-chief is erroneous; it was Petitioner's counsel who called Ms. Sullivan as a defense witness. (*See* Trial Tr. at 181:18-19.) As Petitioner appears to concede in his Reply, he has merely speculated that the result of the proceeding would be different. In his Reply, Petitioner speculates that if an objection to Agent Dean's testimony regarding the location of the shotgun had been made and sustained, Detective McCully, the officer who found the shotgun, may have been unavailable to testify at trial. (Reply at 3-4.) If this were true, Petitioner speculates that the Government may not have been able to defend against a Rule 29 motion. (*Id.* at 3.) Furthermore, Petitioner speculates that Ms. Sullivan would not have been called as a witness if an objection to Agent Dean's testimony had been made and sustained. (*Id.* at 4-5.) As the *Strickland* Court noted, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

Furthermore, Petitioner's trial counsel thoroughly cross-examined Agent Dean before the jury so that the jury could determine Agent Dean's credibility. On cross-examination, Ms. Ratai specifically elicited that Agent Dean was not the officer who initially located the shotgun found underneath the mattress. (Trial Tr. 99:19-21.) Petitioner's trial counsel also called Ms. Sullivan as a defense witness and elicited testimony that she was the one who actually purchased the shotgun and that she placed it under the mattress so that Petitioner would not know where the shotgun was.

(*Id.* at 185:5-188:1.) However, on cross-examination, Ms. Sullivan admitted that she had lied to Agent Dean when she said she did not know anything about the shotgun and admitted that she had lied on two separate occasions. (*Id.* at 192:25-193:6, 196:5-6.) Therefore, the jury was able to consider the credibility of both Agent Dean and Ms. Sullivan as witnesses despite counsel's decision not to object to Agent Dean's testimony.

In sum, Petitioner has failed to satisfy the prejudice prong of *Strickland* because decisions regarding objections are classic examples of trial strategies. *See Humphries*, 397 F.3d at 234. Furthermore, Petitioner's speculations as to how the trial would have differed had trial counsel chosen to object to Agent Dean's testimony are insufficient to establish prejudice. *Strickland*, 466 U.S. at 693. Therefore, Petitioner's first and third claims should be dismissed.

### 2.  Ground 2: Ineffective Assistance By Failing to Mention Ammunition Found in Crum's Room During Cross-Examination or Closing Argument

In his second claim in the motion filed by counsel, Petitioner alleges that "[t]rial counsel failed to point out in cross-examination or during closing that ammunition found in the Brackett residence was located in Crum's room and under Crum's direct dominion and control." (Mem. in Supp. at 18.) Specifically, Petitioner argues that by not attempting to place blame on Crum, "counsel all but conceded Petitioner's guilt." (Reply at 5.) Accordingly, Petitioner asserts that trial counsel failed by not arguing that the ammunition found in Petitioner's bedroom was placed there by Crum and that Petitioner never intended to possess the ammunition. (*Id.*)

During direct examination at trial, Agent Dean testified that during the search of Petitioner's residence, agents located rounds of both 9 millimeter and 12-gauge shotgun ammunition on and around Petitioner's night stand. (Trial Tr. at 72:17-73:13.) Agents also located some 7.62 caliber ammunition rounds in the same area. (*Id.* at 74:18-25.) Agent Dean also testified that agents located

a box of 12-gauge caliber shotgun ammunition and a box of 50 rounds of 9-millimeter ammunition around Petitioner's night stand. (*Id.* at 75:1-9, 79:4-12.) Finally, Agent Dean testified that various types of ammunition were located in Crum's bedroom at Petitioner's residence. (*Id.* at 82:8-15, 83:20-85:7.) Furthermore, Richard Stewart testified that the ammunition recovered from Petitioner's bedroom was the same ammunition he bought in Pennsylvania and that was stolen from his gun cabinet. (*Id.* at 134:13-23.)

During cross-examination of Agent Dean, trial counsel focused on the fact that Petitioner did not appear on any of the CDs containing video footage of Crum selling firearms to the confidential informant. (*Id.* at 93:20-25.) Furthermore, Agent Dean admitted that Petitioner's name was never mentioned during the controlled purchases and that there was no evidence that Petitioner was even present during the controlled purchases. (*See id.* at 94:1-95:3.) During closing argument, Ms. Ratai focused on how the only evidence supporting Petitioner's involvement in the conspiracy to sell the firearms was Crum's testimony and how there was no evidence revealing that Petitioner was present at any of the controlled purchases. (*Id.* at 207:21-209:17.)

The Court finds that Petitioner has failed to explain how trial counsel's decision to not focus on the fact that other ammunition was found in Crum's bedroom prejudiced Petitioner during trial. "There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington*, 131 S. Ct. at 790 (citations omitted) (internal quotation marks omitted). Here, Petitioner appears to suggest that he was prejudiced because trial counsel chose to focus on one theory of defense–the fact that Petitioner was not present at any of the controlled purchases–rather than focusing on the ammunition found in Crum's bedroom at Petitioner's residence. Petitioner has not demonstrated that trial counsel's strategy falls outside

the "wide range of reasonable professional assistance," *Carter*, 283 F.3d at 249, and he therefore has failed to meet his burden under the two prongs of *Strickland*. Thus, his second claim should be dismissed.

### 3. Grounds 4, 5, and 6: Ineffective Assistance by Failing to Object To or Motion to Strike Rule 404(b) Evidence

In his motion filed by counsel, Petitioner alleges three claims that trial counsel provided ineffective assistance by not objecting to unnoticed Rule 404(b) evidence. (Mot. at 5; *see also* Mem. in Supp. at 19.) Specifically, Petitioner alleges that trial counsel erred in not moving to strike and have the jury disregard Agent Dean's testimony regarding Petitioner's purported statement that he possessed a 9 millimeter Ruger pistol; that trial counsel erred in not objecting "to the Government leading Crum on his direct testimony" regarding a trip Crum and Petitioner made to Frederick, Maryland to trade guns for crack cocaine; and that trial counsel erred by not objecting to Crum's testimony that he was aware Petitioner possessed a .38 caliber special pistol. (Mem. in Supp. at 19.) The Court will consider these claims together because they all address the failure to object to or motion to strike Rule 404(b) evidence.

To determine whether the admission of evidence in violation of Rule 404(b) amounts to harmless error, "the test for harmlessness is 'whether we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Madden*, 38 F.3d 747, 753 (4th Cir. 1994) (quoting *United States v. Nyman*, 649 F.2d 208, 211-12 (4th Cir. 1980)). Courts do not inquire as to whether sufficient evidence was presented to convict in the absence of the improperly admitted evidence. *Id.* Instead, courts inquire as to whether it is "'highly probable that the error did not affect the judgment.'" *United States v. Lighty*, 616 F.3d 321, 356 (4th Cir. 2010) (quoting *Madden*, 38 F.3d

at 753) (citation and internal quotation marks omitted).

Petitioner's argument that trial counsel rendered ineffective assistance by failing to object to the reference regarding a 9 millimeter Ruger pistol is without merit. Petitioner is correct that trial counsel objected to the testimony but did not move to strike the testimony or have it disregarded by the jurors. (Trial Tr. at 89:16-90:17.) However, Chief Judge Bailey explicitly instructed the jury to disregard "any testimony concerning a 9-millimeter pistol." (*Id.* at 105:12-17.) It is presumed that jurors follow a court's instructions. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *see also Strickland*, 466 U.S. at 694 ("[A] court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the . . . jury acted according to the law.") Therefore, even assuming trial counsel's performance was deficient, Petitioner cannot establish prejudice to his defense because of Chief Judge Bailey's instruction.

Petitioner's argument that trial counsel rendered ineffective assistance by failing to object to Crum's testimony regarding the trip to Frederick, Maryland is simply misplaced. At the pretrial hearing regarding the defense's motion in limine to strike and/or exclude evidence, the Assistant United States Attorney mentioned that Crum would be testifying regarding the trip to Frederick to trade firearms for crack cocaine. (Jury Voir Dire Tr., Oct. 7, 2008, Criminal Action No. 3:08-cr-56-2, ECF No. 83 at 3:4-6.) The Assistant United States Attorney noted that defense counsel had been put on notice of this evidence. (*Id.* at 3:21-22.) Chief Judge Bailey ruled that he would allow this testimony to come in during trial. (*Id.* at 6:14-20.) Therefore, even assuming that Petitioner's counsel was deficient in failing to object to the admission of Crum's testimony regarding the trip to trade firearms for crack cocaine, Petitioner cannot establish prejudice given Chief Judge Bailey's ruling that the evidence would be admitted.

Overall, Petitioner cannot establish the requisite prejudice for counsel's failure to either object to or motion to strike this evidence. Petitioner has failed to even establish how this evidence is inadmissible under Rule 404(b). *See Carr v. United States*, Nos. 3:07-cv-10, 3:04-cr-50, 2008 WL 2544655, at *3 (N.D. W. Va. June 20, 2008) (nothing that counsel's failure to object could not be error because petitioner did not even establish how the evidence in question was inadmissible). Furthermore, the admission of this evidence was harmless in light of the overwhelming evidence of Petitioner's guilt presented at trial. For example, Agent Dean testified that multiple kinds of ammunition were found on and around the night stand in Petitioner's bedroom. (*See* Trial Tr. at 72:21-75:9, 77:18-19, 78:13-18, 79:9-12, 83:6-9.) Agent Dean also testified that Petitioner told him that he actually purchased the shotgun recovered at his residence. (*Id.* at 87:14-21, 88:17-24.) Richard Stewart testified that Petitioner helped him move from Pennsylvania to West Virginia, and that Petitioner had been inside his home in West Virginia. (*Id.* at 127:23-128:2, 129:10-13.) Mr. Stewart also testified that he recognized the boxes of ammunition recovered from Petitioner's bedroom as the boxes he had bought in Pennsylvania. (*Id.* at 134:13-20.) Michael Marshall, the confidential informant, testified that he first met Petitioner at a Budget Inn and that Petitioner indicated that he had firearms. (*Id.* at 145:23-146:7.) Mr. Marshall also testified that Petitioner indicated that if he wished to purchase any firearms, he had to go through his co-defendant, Crum. (*Id.* at 146:3-5.) Crum, Petitioner's co-defendant, testified that Petitioner helped him to move firearms from Petitioner's residence to Crum's mother's residence. (*Id.* at 162:12-17.) Crum also testified that he had seen the firearm recovered from under Petitioner's bed. (*Id.* at 166:11-21.)

In sum, Petitioner has not established the requisite prejudice to his defense. Not only did Chief Judge Bailey instruct the jury to disregard any references to a 9 millimeter pistol and rule that

evidence of the trip to Frederick, Maryland to trade firearms for crack cocaine could be admitted, but overwhelming evidence supports Petitioner's guilt. Therefore, Petitioner has not met his burden under the two prongs of *Strickland*, and these claims should be dismissed.

**4.    Grounds 7 and 8: Ineffective Assistance by Failing to Seek a Cautionary Instruction and by Failing to Object to the Omission of Defense Instruction Seven**

In his seventh ground, Petitioner alleges that trial counsel "failed to seek a cautionary instruction when the parties' stipulation that Brackett was a prior felon was read to the jury." (Mem. in Supp. at 19.) Specifically, Petitioner asserts that such an instruction was necessary because of the significant impact of the stipulation upon the jury. (Reply at 6.) In his eighth ground, Petitioner alleges that "[t]rial counsel failed to object when the Court omitted her cautionary instruction No. 7 entitled 'Consider Only Offense Charged.'" (Mem. in Supp. at 19, *see also id.* at 22.) Specifically, Petitioner argues that trial counsel was inefficient for not requesting a cautionary instruction immediately after the stipulation concerning Petitioner's felony status was read to the jury and that trial counsel was ineffective for not using the "proper instruction" contained in *Horn's Federal Criminal Jury Instructions for the Fourth Circuit* ("*Horn's*"). (Reply at 7-8.) The Court will consider these two claims together because of the similar issues presented.

In general, a defendant is entitled to a jury instruction if: 1) there is a foundation in both the law and evidence for the instruction, and 2) if the instruction is requested by counsel. *See, e.g., United States v. Matzkin*, 14 F.3d 1014, 1018 (4th Cir. 1994) (determining there was no plain error for the district court to not *sua sponte* give a statute of limitations jury instruction). This appears to be true for limiting and cautionary instructions as well. *See, e.g., United States v. Brewer*, 1 F.3d 1430, 1435 (4th Cir. 1993); *United States v. Mark*, 943 F.2d 444, 449 (4th Cir. 1991). However, the

Fourth Circuit has suggested that a limiting instruction is not required in a case involving admissible Rule 404(b) evidence where the nature of the evidence introduced against the defendant is so substantial as to allow the jury to otherwise reach the verdict. *See United States v. Echeverri-Jaramillo*, 777 F.2d 933, 937 (4th Cir. 1985). "Trial counsel is not constitutionally required to request a limiting instruction any time one could be given, because counsel might reasonably conclude that such an instruction might inadvertently call attention to the evidence of prior bad acts." *Albrecht v. Horn*, 471 F.3d 435, 456 (3d Cir. 2006) (citing *Buehl v. Vaughn*, 166 F.3d 163, 170 (3d Cir. 1999)). Therefore, the decision whether or not to request such an instruction is "virtually unchallengeable." *Strickland*, 466 F.3d at 690-91.

As an initial matter, even if trial counsel was deficient in failing to request a cautionary instruction and failing to object to the omission of Defense Instruction Seven, Petitioner cannot demonstrate the requisite prejudice under *Strickland*. During his charge to the jury, Chief Judge Bailey specifically stated: "The defendant is not on trial for any facts–or any acts or crimes not alleged in the indictment." (Trial Tr. at 225:22-24.) This instruction is substantially similar to Defense Instruction Seven, which stated: "The Defendant is not on trial for any act or conduct not alleged in the indictment." (Def.'s Proposed Jury Instructions, Criminal Action No. 3:08-cr-56-2, ECF No. 40.) As authority for this instruction, trial counsel cited *O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions* § 12.09 (5th ed.). (*See id.*) The undersigned could find no authority directing that the jury instructions contained in *Horn's* are preferred over other model jury instructions. Indeed, the disclaimer contained in *Horn's* states that "[t]hese instructions have not been authorized by the Fourth Circuit Court of Appeals or the Fourth Circuit Judicial Council. Although the author and publisher believe the instructions to be consistent with relevant Fourth

Circuit authority, nothing herein should be regarded as an official publication of either . . . ." *Carl Horn, III, Horn's Federal Criminal Jury Instructions for the Fourth Circuit* (2011 ed.). Therefore, because the district court did provide a limiting instruction that was substantially similar to Defense Instruction Seven, Petitioner has not demonstrated that trial counsel's failure to request a cautionary instruction and failure to object to the omission of Defense Instruction Seven caused prejudice to his defense. *See, e.g., United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1990) (finding that undue prejudice "can be generally obviated by a cautionary or limiting instruction").

Furthermore, when the stipulation regarding Petitioner's status as a felon was read to the jury, the jury did not hear any of the underlying facts or substance of any of Petitioner's prior felony convictions. (*See* Trial Tr. at 175:12-24.) Instead, the jury was only informed that Petitioner had previously been convicted of a crime punishable by imprisonment for more than one year and that his civil rights to possess firearms had not been restored. (*See id.*) In his Order denying Petitioner's Motion of the Defendant for New Trial; Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury, Chief Judge Bailey specifically mentioned that the testimony given by Agent Dean, co-defendant Crum, confidential informant Michael Marshall, and defense witness Kimberly Sullivan "was certainly sufficient to establish the elements of the charged offenses beyond a reasonable doubt without concern that the jury was unfairly prejudiced by the stipulation to defendant Brackett's previous felony conviction without a limiting instruction." (Order, Criminal Action No. 3:08-cr-56-2, ECF No. 106 at 6.) Overall, Chief Judge Bailey found that Defendant failed to demonstrate that the district court's failure to *sua sponte* include a limiting instruction was plain error, if it was erroneous at all. (*Id.*) Furthermore, the Fourth Circuit, in its per curiam decision, ruled that the district court's decision to not *sua sponte* give a limiting instruction

regarding Petitioner's prior convictions was harmless error because of the "abundant evidence against him." *Brackett*, 373 F. App'x at 429, 2010 WL 1434994, at *1.

The undersigned finds no reason to deviate from Chief Judge Bailey's and the Fourth Circuit's findings that sufficient evidence was presented to convict Petitioner without concern that the jury was unfairly prejudiced by the stipulation. The district court did provide a cautionary instruction during its charge to the jury, and the undersigned finds no reason why the district court should have preferred *Horn's* jury instruction over another pattern instruction. Thus, because Petitioner cannot demonstrate prejudice as required by *Strickland*, this claim should be denied.

### 6. Ground 9: Ineffective Assistance by Failing to Use Crum's Prior Inconsistent Statement for Impeachment Purposes

As his last claim in the motion filed by counsel, Petitioner alleges that trial counsel "failed to use Crum's recanting statement against him in cross-examination." (Mem. in Supp. at 19.) Petitioner argues that he had a right to have this information presented to the jury and that the Government would not have been prepared after introduction of this statement. (*Id.* at 20.) Petitioner also asserts that trial counsel provided ineffective assistance by not disclosing the statement to the Government in discovery and that this constituted a strategic decision made without Petitioner's input. (Reply at 8.)

Petitioner's argument is without merit because he has failed to demonstrate how trial counsel's decision not to use Crum's prior inconsistent statement for impeachment at trial was not sound trial strategy. At Petitioner's sentencing, Crum testified that he had told the probation officer assigned to the case that he had been forced to sign a statement by Petitioner. (Sentencing Hrg. Tr., Feb. 24, 2009, Criminal Action No. 3:08-cr-56-2, ECF No. 133 at 10:3-9.) According to Crum, Petitioner threatened to cause him bodily harm if he did not write the statement. (*Id.* at 14:11-18.)

The statement read: "I, Michael Crum, verify that everything I said in my statement on Report Number 7 is not true about Michael Jay Brackett, and I verify this with my signature." (*Id.* at 20:16-19.) On cross-examination, Crum testified about a threat against his mother. (*Id.* at 23:11-13.) He also stated that he signed the statement because he was afraid for his life. (*Id.* at 25:7.)

Petitioner has not demonstrated that trial counsel's decisions regarding Crum's prior inconsistent strategy prejudiced his defense. In fact, given Crum's testimony at sentencing that he was coerced to sign the statement because of Petitioner's threat of bodily harm, it appears that trial counsel's decision not to use the statement to impeach Crum was within Petitioner's best interest. Furthermore, Petitioner's counsel did impeach Crum's credibility by mentioning his prior convictions and the requirement in his plea agreement that he testify against Petitioner. (Trial Tr. at 167:23- 169:11, 171:24-173:11.) Therefore, because Petitioner has not met his burden under the two prongs of *Strickland*, this claim should be dismissed.

### 7. *Pro Se* Grounds 1 and 3: Ineffective Assistance by Failing to File Motions to Dismiss and Suppress

As his first claim in his *pro se* motion, Petitioner alleges that trial counsel rendered ineffective assistance by not filing a motion to dismiss the indictment or, in the alternative, by not filing a motion to inspect a list of the names of all qualified grand jurors who voted for the indictment. (*Pro Se* Mot. at 4.) Specifically, Petitioner asserts that the Court lacked jurisdiction because the indictment was not properly signed by both the United States Attorney and the grand jury foreperson. (Mem. at 14.) Instead, the indictment publicly filed in Petitioner's case contains the "/s/" representation of both signatures. (*See* Indictment, Criminal Action No. 3:08-cr-56-2, ECF No. 1 at 7.) As his third claim, Petitioner claims that trial counsel rendered ineffective assistance by not filing a motion to suppress "evidence material to [his] conviction and/or sentence." (*Pro Se*

Mot. at 6 (alteration in original); *see also* Mem. at 20-24.) However, in support of this claim, Petitioner seems to suggest that the evidence that should have been suppressed was alleged false testimony given by Government witnesses. (*See* Mem. at 20-24.)

Petitioner's argument regarding the failure to file of a motion to dismiss is without merit. In this district, the practice is for the "public" copies of indictments to not reveal the actual signatures of the grand jury foreperson and the United States Attorney; instead, they bear the "/s/" representation of them. *Wheeler v. United States*, Nos. 3:10-cv-13, 3:07-cr-70-3, 2011 WL 2491376, at *15 (N.D. W. Va. Apr. 25, 2011). Original indictments bearing the signatures are kept with the Clerk of Court's office. If Petitioner's trial counsel had filed a motion to dismiss based on the lack of signatures, this motion would have been futile. Furthermore, "[c]ounsel is not required to waste the court's time pursuing frivolous legal motions." *Id.* (citing *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978)). Therefore, Petitioner cannot meet the two prongs of *Strickland* because he has not demonstrated that his trial counsel was ineffective or that he was prejudiced.

Likewise, Petitioner's alternative claim that trial counsel failed to file a motion to inspect a list of the names of qualified grand jurors who voted for the indictment is without merit. Disclosure of grand jury voting records is only necessary when a defendant demonstrates a "'particularized need'" for this information. *Merica v. United States*, No. 7:07-cv-350, 2007 WL 4561298, at *4 (W.D. Va. Dec. 21, 2007) (citations omitted). Here, Petitioner does not allege a particularized need; instead, he uses twelve pages to cite various rules and cases governing grand jury procedures in an attempt to suggest that the required number of grand jurors did not vote for his indictment. The fact that Petitioner has not seen a specific record of the grand jurors who voted in favor of the indictment

does not prove that voting procedures were not followed. *See Wilson v. United States*, No. Civ-A. 7:00-CV-775, CRIM 96:CR30068002, 2002 WL 32859483, at \*5 (W.D. Va. May 6, 2002). Furthermore, speculative allegations do not satisfy the requirement of a particularized need, and they do not overcome "the presumption of regularity in grand jury proceedings." *Merica*, 2007 WL 4561298, at \*4. Therefore, because there is "no obvious basis" for this type of motion, *Clanton v. Bair*, 826 F.2d 1354, 1359 (4th Cir. 1987), Petitioner has established neither prong of *Strickland*.

Finally, Petitioner's claim that trial counsel should have filed a motion to suppress is misplaced. The Supreme Court has held that when a defendant is claiming ineffective assistance of counsel based on counsel's failure to "litigate a Fourth Amendment claim," "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). As mentioned above, the decision regarding what pre-trial motions to file is a tactical decision. *Sexton*, 163 F.3d at 885. "Trial counsel is not per se ineffective merely because he failed to file a particular motion allowed under the rules of criminal procedure." *United States v. Tart*, No. 87-7331, 877 F.2d 61, 1989 WL 64120, at \*2 (4th Cir. June 9, 1989). Therefore, counsel's "[f]ailure to raise a losing argument or pursue a futile motion to suppress does not constitute ineffective assistance." *Floyd v. United States*, Nos. 7:04-1125-HFF, 7:06-1084-HFF, 2008 WL 3925841 (D.S.C. Aug. 26, 2008) (citing *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001)). Simply put, Petitioner does not allege a Fourth Amendment claim in the third ground of his *pro se* motion. Instead, Petitioner seems to suggest that counsel should have filed a motion to suppress the alleged false testimony given by Government witnesses. (Mem. at 20-24.) A motion to suppress is the wrong vehicle through which to impeach,

and thus Petitioner's claim regarding a motion to suppress has no merit.

Petitioner argues that Government agents lied to the Grand Jury, that the Government admitted into evidence exhibits that Chief Judge Bailey ordered excluded, and that Mr. Crum should have been impeached by defense counsel for being a liar. (Mem. at 21-23.) First, Petitioner has not provided any documentation of grand jury testimony, and so the Court is unable to determine whether his claim regarding the Government agents has merit. Second, Petitioner is simply wrong regarding the exhibits. During the pretrial hearing on the motion in limine, Chief Judge Bailey ordered that Exhibits 22, 23, 24, 26, 30, 31, 32, 33, 40, 41, 42, 43, 44, 46, and 49 from the Government's supplemental exhibit list be excluded. (Jury Voir Dire Tr. at 5:23-6:2.) These items chiefly involved drugs and drug paraphernalia. (*See* United States' Supp. Exhibit List, Criminal Action No. 3:08-cr-56-2, ECF No. 63.) Petitioner claims that despite this ruling, the Government introduced Exhibits 44, 40A-H, 22, 41A, 30, and 31. (Memo. at 21.) However, the trial transcript reveals that the items actually admitted with these numbers are quite different than the ones ordered excluded. For example, Exhibit 44 was of a CD containing a recording of a phone call (Trial Tr. at 63:6-12), and Exhibit 22 was three rounds of 12-gauge shotgun ammunition (Trial Tr. at 83:20-84:2.) Finally, Petitioner's trial counsel did impeach Crum for untruthfulness. In fact, the trial transcript reveals that the entire cross-examination of Crum focused on his prior convictions and what he had to gain from testifying against Petitioner. (Trial Tr. at 167:9-173:17.)

In sum, Petitioner has failed to demonstrate that counsel was ineffective for failing to file a motion to dismiss, for failing to file a motion to inspect a list of qualified grand jurors, and for failing to file a motion to suppress. Furthermore, the record demonstrates that Petitioner's trial counsel did impeach Crum. As such, Petitioner has failed to satisfy the two prongs of *Strickland*,

and these two claims should be dismissed.

### 8. *Pro Se* Ground 2: Ineffective Assistance by Failing to Withdraw as Counsel

In his second claim raised in his *pro se* motion, Petitioner alleges that Ms. Katy Ratai, Assistant Federal Public Defender, "unprofessionally failed to withdraw as defense counsel" because of alleged "irreconcilable conflict" between herself and Petitioner. (*Pro Se* Mot. at 5; *see also* Mem. at 18-20.) Specifically, Petitioner states that the district court erred in denying his request for new counsel, that his Sixth Amendment right to counsel was violated because of the alleged complete collapse of the relationship between himself and Ms. Ratai, and that Ms. Ratai had a conflict of interest. (Mem. at 18, 20.)

The Sixth Amendment right to counsel includes the "right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981) (citations omitted). However, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzales-Lopez*, 548 U.S. 140, 151 (2006). Withdraw of counsel and appointment of new counsel is not required simply because the defendant and counsel do not get along. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 14 (the Sixth Amendment does not guarantee a "meaningful relationship" between a defendant and his attorney). If a defendant alleges that his Sixth Amendment right was violated because of a conflict of interest, he "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). If an actual conflict is demonstrated, the defendant need not prove prejudice. *Id.* at 349-50.

At the motions hearing held before Chief Judge Bailey on August 26, 2008 to determine whether Ms. Ratai would continue to represent Petitioner, Ms. Ratai stated that there had been a

"breakdown of communication" between herself and Petitioner. (Mot. Hrg. Tr., Aug. 26, 2008, Criminal Action No. 3:08-cr-56-2, ECF No. 131 at 3:20-23.) Specifically, Ms. Ratai mentioned that Petitioner did not believe that she was "on his side" because of her "status as a federal employee," that he was unhappy with the number of visits she had made to the jail, and that he was unhappy because she had not filed motions on his behalf. (*Id.* at 3:24-4:4.) When addressed by Chief Judge Bailey, Petitioner expressed that he did not believe either of his attorneys had his "best interests at heart." (*Id.* at 5:14.) At the end of the hearing, Chief Judge Bailey determined that there were insufficient grounds for removing Ms. Ratai as counsel, and Ms. Ratai represented that she was "happy to continue working on the case." (*Id.* at 6:20-7:3.)

Petitioner seems to suggest that Ms. Ratai labored under a conflict of interest because of the breakdown in the relationship. (Memo. at 18.) However, this allegation is insufficient to establish an actual conflict of interest. Not only did Ms. Ratai continue to represent Petitioner, she asserted that her office was "ready, willing and able to fight the case." (Mot. Hrg. Tr. at 7:5.) The fact that Ms. Ratai continued to represent Petitioner does not demonstrate a "complete collapse" of their relationship as Petitioner claims. Instead, it appears that Petitioner simply did not get along with Ms. Ratai, and his Sixth Amendment right was not violated by the lack of a "meaningful relationship." *Morris*, 461 U.S. at 14. Therefore, Petitioner has failed to meet the two prongs of *Strickland*, and this claim should be dismissed.

### 9. *Pro Se* Ground 4: Ineffective Assistance by Not Investigating or Calling Witnesses

In the fourth claim raised in his *pro se* motion, Petitioner alleges that counsel "could have but didn't investigate or call witnesses Mrs. Crum and other [sic] for the defense of Mr. Brackett at trial process." (*Pro Se* Mot. at 6.) Specifically, Petitioner alleges that Mrs. Crum, his co-

defendant's mother, would have testified that her son was not trustworthy, that Petitioner was not involved in the firearms sales, and that she knew about her son selling firearms. (Mem. at 24.)   As support for his claim, Petitioner relies on reports prepared by Agent Dean, in which Agent Dean noted that on June 2, 2008, Mrs. Crum called her son regarding the location of a double-barreled shotgun. (*Id.* at 25-26.)   According to Petitioner, Mrs. Crum's testimony could have undermined the entire case against him. (*Id.* at 34.)

The *Strickland* Court recognized that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 690; *see also Coles v. Peyton*, 389 F.2d 224, 226 (4th Cir. 1968) (attorneys must "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed").   The decision of "whether to call a defense witness is a strategic decision" that must be afforded "'enormous deference.'" *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994) (quoting *United States v. Hirschberg*, 988 F.2d 1509, 1513 (7th Cir. 1993)).   However, the *Strickland* Court also emphasized that "a particular decision not to investigate must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.   "Complaints of ineffective assistance of counsel based upon 'uncalled witnesses' are not favored in federal habeas corpus review because mere unsupported allegations about what testimony potential witnesses might have given are far too speculative." *Talley v. United States*, Nos. 1:06-cv-74, 1:94-cr-118, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 26, 2006).   Furthermore, the Fourth Circuit has held that conclusory allegations concerning what exculpatory testimony would have been presented "are insufficient to establish the requisite prejudice under *Strickland*." *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004).

As stated above, Petitioner alleges that Mrs. Crum would have provided testimony undermining the entire case against Petitioner because she would have testified about her son's untrustworthiness, about how Petitioner was not involved in the conspiracy to sell firearms, and about her knowledge that her son was selling firearms.  (Mem. at 24, 34.)  However, in his reports, Agent Dean only mentions that on June 2, 2008,  Mrs. Crum called her son about a double-barreled shotgun that she acknowledged was hers.  (*Id.* at 26.)  Furthermore, on June 10, 2008, the day that the search warrant was executed at Crum's residence, Mrs. Crum told the agents that the bedroom she was found in belonged to her and that the other bedroom belonged to her son.  (*Id.* at 27.)  According to Petitioner, these facts "prove that Mrs. Crum knew about all the guns that was [sic] in her son [sic] bedroom."  (*Id.* at 28.)  However, based on these reports, it was reasonable for trial counsel to not conduct interviews with Mrs. Crum because "counsel has no duty to conduct an investigation for its own sake in the absence of plausible indications that it might bear fruit." *Harris v. United States*, Nos. 5:03 CV 23 3 V, 5:06 CR 5 V, 2006 WL 322609, at \*5 (W.D.N.C. Feb. 9, 2006).

Here, while Petitioner has identified Mrs. Crum, he has failed to "make an affirmative showing as to . . . the availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial." *Talley*, 2006 WL 3422997, at \*9.  Furthermore, Petitioner's conclusory allegations that Mrs. Crum would have provided exculpatory evidence are not sufficient to establish prejudice under *Strickland.  See Terry*, 366 F.3d at 316; *see also Washington v. Murray*, 952 F.2d 1472, 1479 (4th Cir. 1991) (defendant must show that the testimony would have been "of high probative force" to generate "enough of real doubt to prevent a finding of guilt").  Therefore,

because Petitioner has failed to demonstrate that trial counsel's performance was either deficient or prejudicial, this claim should be dismissed.

### 10.  *Pro Se* Ground 5: Ineffective Assistance at Sentencing

In his last claim included in his *pro se* motion, Petitioner alleges that counsel "failed to investigate or present available evidence material to [his] sentencing."  (Mem. at 35 (alteration in original).)  Petitioner also alleges that counsel failed to "object to false and unreliable evidence used to determine [his] guideline sentencing range and ultimate sentence."  (*Id.* (alteration in original).)  Specifically, Petitioner asserts that he should not have been sentenced pursuant to the Armed Career Criminal Act ("ACCA") because his prior conviction for assault and battery of a law enforcement officer should not qualify as a "violent felony" under the ACCA.  (*Id.* at 37.)

By Order dated May 3, 2011, the undersigned struck Petitioner's *pro se* motion from the docket because his retained counsel had previously filed the instant motion to vacate but allowed Petitioner to seek leave to file an amended petition if he and his counsel wished to raise the additional claims contained in his *pro se* filing.  (Civil Action No. 3:11-cv-30, ECF No. 4; Criminal Action No. 3:08-cr-56-2, ECF No. 144.)  On July 6, 2011, Petitioner's counsel filed a First Motion to Amend/Correct Memorandum in Support of Motion, in which he asked the Court to substitute Petitioner's *pro se* motion and exhibits for the Memorandum in Support previously filed.  (Civil Action No. 3:11-cv-30, ECF No. 9; Criminal Action No. 3:08-cr-56-2, ECF No. 150.)  The Court granted this motion on July 8, 2011.  (Criminal Action No. 3:08-cr-56-2, ECF No. 151.)

While Petitioner was represented by Assistant Federal Public Defenders Katy Ratai and Brian Crockett at trial (Resp., Ex. 2 ("Trial Tr.") at 1), B. Craig Manford, Esq., entered a notice of appearance on behalf of Petitioner on November 25, 2008 (Criminal Action No. 3:08-cr-56-2, ECF

No. 84.) Mr. Manford represented Petitioner at sentencing (Criminal Action No. 3:08-cr-56-2, ECF No. 133 at 1), and is currently representing Petitioner for his § 2255 motion (*See* Docket Sheet, Civil Action No. 3:11-cv-30; Docket Sheet, Criminal Action No. 3:08-cr-56-2). Therefore, it appears that Petitioner is claiming ineffective assistance of counsel against Mr. Manford, the very attorney representing him in the instant proceeding. As such, the Court finds that because of this apparent conflict of interest, it cannot fully consider Petitioner's claim at this time.

Because of this apparent conflict, the Court recommends that Petitioner's claim of ineffective assistance of counsel at sentencing (Claim Five in his *pro se* motion) be severed from the rest of claims. Petitioner will have fourteen (14) days from being served a copy of this Report and Recommendation to notify the Court, in writing, if he wishes to pursue this claim either *pro se* or through other retained counsel. If Petitioner fails to notify the Court in writing within fourteen (14) days, the undersigned will enter another Report and Recommendation recommending that this claim also be dismissed.

## IV.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:11-cv-30, ECF No. 1; Criminal Action No. 3:08-cr-56-2, ECF No. 139) be **DENIED** and **DISMISSED** because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel.

The undersigned further recommends that Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:11-cv-30, ECF No. 5; Criminal Action No. 3:08-cr-56-2, ECF No. 143) be **DENIED IN PART** and

**SEVERED IN PART.** For the reasons stated herein, the undersigned recommends that Petitioner's first four claims be **DENIED** because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel. Furthermore, the undersigned recommends that his fifth claim, regarding ineffective assistance of counsel at sentencing, be **SEVERED** because of the apparent conflict of interest created because Petitioner's current retained counsel also represented Petitioner at sentencing. Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Petitioner must notify the Court, in writing, if he wishes to pursue his fifth claim either *pro se* or through different retained counsel. Failure to timely notify the Court will result in the undersigned entering a second Report and Recommendation that Claim Five also be dismissed.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation

to the *pro se* Petitioner Michael Jay Brackett.

**DATED:** November 15, 2011

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE