**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MICHAEL JAY BRACKETT,**

Petitioner,

**v.**                                                                          **CIVIL ACTION NO. 3:10-CV-30**
                                                                                   **CRIMINAL ACTION NO. 3:08-CR-56-2**
                                                                                   **(BAILEY)**

**UNITED STATES OF AMERICA,**

Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.      Introduction**

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation of United States Magistrate Judge David J. Joel [Civ. Doc.

18; Crim. Doc. 171].  By Standing Order, entered on March 24, 2000, this action was

referred to Magistrate Judge Joel for submission of a proposed report and recommendation

("R&R").  Magistrate Judge Joel filed his R&R on April 16, 2012.  In that filing, the

magistrate judge recommends that this Court reject petitioner Michael Jay Brackett's *pro*

*se* claim of ineffective assistance of sentencing counsel.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due by May 4, 2012. Brackett timely objected to the R&R on April 27, 2012 [Crim. Doc. 175]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II.    Background

On October 7, 2008, a jury convicted Brackett of conspiracy to possess and sell stolen firearms, in violation of 18 U.S.C. §§ 922(j), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). The Government sought sentencing under the Armed Career Criminal Act ("ACCA"), which authorizes an enhanced penalty for a person who violates § 922(g) and who "has three previous convictions" for "a violent felony," § 924(e)(1). Among the three prior felony convictions the Government alleged in the Indictment [Crim. Doc. 1] and proffered at the February 24, 2009, sentencing, was Brackett's 2005 Virginia conviction for felony assault and battery on a police officer. According to the presentence investigation report, the police report from this incident alleged that "the defendant turned around and struck an officer in the face while being handcuffed." ([Crim. Doc. 115] at ¶ 65). This prior conviction resulted in a twelve-month sentence, while the offense carried a maximum sentence of five

years confinement.  Finding that this and the other predicate convictions involved violent felonies, this Court enhanced Brackett's sentence under § 924(e)(1), sentencing him to a term of imprisonment of 17 years and 6 months for his felon in possession conviction.

Brackett, by sentencing counsel, filed a direct appeal to the United States Court of Appeals for the Fourth Circuit, which affirmed Brackett's conviction and sentence on April 12, 2010.  *See **United States v. Brackett***, 373 Fed.Appx. 427 (4th Cir. 2010).  However, the Fourth Circuit declined to address any of Brackett's claims of ineffective assistance of trial counsel on direct appeal.  *See **Id.*** at 420.

On May 2, 2011, Brackett, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 5; Crim. Doc. 143].  Brackett claims that his sentencing counsel was ineffective for failing to object to this Court's use of his 2005 Virginia conviction for felony assault and battery on a police officer to enhance his sentence under the ACCA.  To support his claim, Brackett states that under the Supreme Court's decision in ***Johnson v. United States***, 130 S.Ct. 1265 (2010), that conviction was not for a violent felony because the offense is not one necessarily involving physical force as it includes acts of mere offensive touching.  Even assuming Brackett's sentencing counsel was deficient for not challenging the predicate conviction on this basis, the Government argues in response that Brackett was not prejudiced because the offense is nevertheless a violent felony due to the likelihood of serious risk of physical injury it poses.

On April 16, 2012, Magistrate Judge Joel filed the instant R&R [Civ. Doc. 18; Crim. Doc. 171].  In that filing, the magistrate judge recommends that this Court reject Brackett's

claim of ineffective assistance of sentencing counsel for failure to establish deficient performance and prejudice.

## III.   Discussion

In his *pro se* Objections [Crim. Doc. 175], timely filed on April 27, 2012, Brackett objects to Magistrate Judge Joel's recommendation that this Court reject his claim of ineffective assistance of sentencing counsel.  As an initial matter, this Court finds it necessary to provide a brief review of the relevant provisions of the ACCA.

"The [ACCA] imposes a mandatory minimum sentence of fifteen years for certain violations of what is colloquially called 'felon in possession.'  Generally, possession of a firearm by someone previously convicted of a felony, or subject to certain other disqualifiers, is itself a felony.  18 U.S.C. § 922(g)(1).  If the felon in possession has three previous convictions for violent felonies or serious drug offenses, then a sentence of at least fifteen years must be imposed under the [ACCA]."  **United States v. Schneider**, — F.3d — , 2012 WL 1868645, *4 (11th Cir. May 24, 2012).  Brackett does not contest that two of his previous convictions are predicate offenses under the Act.  Instead, he claims that his sentencing counsel was ineffective for not arguing that his 2005 Virginia conviction for felony assault and battery on a police officer does not constitute a "violent felony" for purposes of 18 U.S.C. § 924(e)(2)(B).  That provision defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, or otherwise involves conduct that

presents a serious potential risk of physical injury to another.

Against this backdrop, the Court will now consider Brackett's claim, under a *de novo* review, to determine whether he has demonstrated that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) he was prejudiced by counsel's deficient performance. **Strickland v. Washington**, 466 U.S. 668, 687 (1964).

First, this Court questions whether Brackett has established that the performance of his sentencing counsel was deficient. The Supreme Court did not decide **Johnson v. United States**, 130 S.Ct. 1265 (2010), the authority on which Brackett primarily relies, until more than one year after his sentencing. In **Johnson**, the Supreme Court made an important contribution to ACCA jurisprudence. Specifically, the Court interpreted the phrase "physical force" in 18 U.S.C. § 924(e)(2)(B)(i) to mean "*violent* force– that is, force capable of causing physical pain or injury to another person." **Johnson** 130 S.Ct. at 1271 (emphasis in original). In addition, the Court reaffirmed its June 2009 approval of the "modified categorical approach" to determine whether a state crime that can be committed with or without violent force can nevertheless constitute a "violent felony" under the ACCA:

> When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the "'modified categorical approach'" that we have approved, **Nijhawan v. Holder**, 557 U.S. 29 (2009), permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record – including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.

*Id.* at 1273.

Because both the Supreme Court's interpretation of "physical force" and its approval of the modified categorical approach came after the sentencing at issue, this Court cannot find that Brackett's counsel was deficient in failing to challenge this Court's use of the Virginia conviction as a violent felony for purposes of the ACCA.

Even assuming deficient performance, this Court finds that Brackett has failed to establish prejudice. In enhancing Brackett's sentence under the ACCA, this Court concluded that the Virginia conviction was a violent felony, as defined by 18 U.S.C. § 924(e)(2)(B). This Court did not indicate whether it relied upon the definition found in § 924(e)(2)(B)(i), often referred to as the "physical force" clause, or the definition in § 924(e)(2)(B)(ii), the so-called "residual" clause. In assuming deficient performance, this Court assumes that the physical force clause was not available. To show prejudice, therefore, Brackett must demonstrate that this Court could not have relied upon the residual clause. That he cannot do.

To trigger application of the residual clause, an offense must "involve[ ]conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). There can be no question that assault and battery on a police officer presents a serious potential risk of physical injury. *See **United States v. Doss**,* 825 F.Supp.2d 726, 730 (W.D.Va. 2011); ***United States v. Dancy**,* 640 F.3d 455, 470 (1st Cir. 2011); *see also **United States v. Williams**,* 559 F.3d 1143, 1149 (10th Cir. 2009) (noting that battery of police officer risks more potential violence than illegally touching non-law enforcement person). Thus, Brackett's Virginia conviction falls under the residual clause. As a result, Brackett cannot

show prejudice. Accordingly, his claim of ineffective assistance of sentencing counsel should be **DISMISSED**.

### IV.    Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 18; Crim. Doc. 171]** should be, and is, hereby **ORDERED ADOPTED** for the reasons stated therein as well as the reasons stated herein. Further, Brackett's Objections **[Crim. Doc. 175]** are **OVERRULED**. Accordingly, Brackett's *pro se* § 2255 petition **[Civ. Doc. 5; Crim. Doc. 143]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** Brackett a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: June 7, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE