# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL JAY BRACKETT,**

    Petitioner,

v.

                                   **CIVIL ACTION NO. 3:15-CV-6**
                                   **CRIMINAL ACTION NO. 3:08-CR-56**
                                   **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Trumble entered the R & R on July 1, 2015, wherein he recommends this Court dismiss the petitioner's § 2255 petition with prejudice.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see* **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R & R were due within

fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on July 6, 2015. [Doc. 7].  No objections have been filed.  Accordingly, this Court will review the R&R for clear error.

The R&R recommends dismissal because it is an unauthorized second or successive petition.  Pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's second federal habeas petition without first seeking leave from the court of appeals.  See *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Civ. Doc. 6, Crim. Doc. 235]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Civ. Doc. 1, Crim. Doc. 207]** be **DENIED** and **DISMISSED WITH PREJUDICE**.  The petitioner may file a motion with the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider his application.  Accordingly, the petitioner's Motion to Seek Status of Motion under Title § 2255 **[Crim. Doc. 232]** is hereby **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.  As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and

to mail a copy to the *pro se* petitioner.

**DATED:** August 4, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE